IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:24CR277 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| ANTHONY SCHAFFER, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, the United States of America, by and through its counsel, Carol M. Skutnik, Acting United States Attorney, and Yasmine Makridis, Assistant United States Attorney, and hereby submits its sentencing memorandum. For the reasons set forth below and those placed on the record at sentencing, the government requests that the Court impose a 30-month sentence.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By: /s/ Yasmine Makridis
Yasmine Makridis (OH: 0090632)
Assistant United States Attorney
100 E. Federal Street, City Centre One;
Suite 325
Youngstown, OH 44503
(330) 740-6992
(330) 746-0239 (facsimile)
Yasmine.Makridis@usdoj.gov

MEMORANDUM

This memorandum serves to address the objections raised in the Pre-Sentence Report. The Pre-Sentence Report adds a five-level enhancement that was not included by the parties in the plea agreement. United States Sentencing Guideline Section 2K2.2(b)(5)(C) instructs that a five-level enhancement should be applied if the defendant was under a criminal justice sentence and received two or more firearms by inducing another to transport, transfer, sell, or otherwise dispose of those firearms to the defendant.

The government agrees with the defense objection. There is insufficient evidence to show that Schaffer received two firearms. Schaffer was found in possession of only one firearm which was purchased by his codefendant.  While Schaffer did instruct his co-defendant to purchase four firearms, three of those firearms were meant for others. As noted in the PSR, Schaffer told the co-defendant to purchase one firearm for herself, at least one firearm for Schaffer's mother, and another firearm for another female. (R. 54: PSR, PageID 292). Therefore, there is insufficient evidence to support the enhancement, and the Court should sustain Schaffer's objection to the PSR.

In negotiating the plea agreement, the parties calculated Schaffer's criminal history category. Based on preliminary calculations, it appeared to the parties that Schaffer was a criminal history category three because of Schaffer's two prior convictions for Felon in Possession of a Firearm in 2012 and 2019. An offense level 17 with a criminal history category three would have yielded a guideline range of 30-37 months. The parties negotiated a perceived within-guideline sentence of 30-months incarceration. Government's counsel was unaware of Schaffer's post-release control violation on March 31, 2009. The information the government

2

possessed at the time indicated that Schaffer's 2005 and 2006 convictions would not score any criminal history points due to their age.

It is now clear that government's counsel incorrectly estimated Schaffer's criminal history category. The PSR has correctly calculated Schaffer's criminal history as a category six. However, the United States asks that the Court consider Schaffer's age at the time of his 2005 and 2006 convictions and impose a 30-month sentence of incarceration in this case.

For the reasons set forth above and those argued on the record at sentencing, the government requests that the Court impose a 30-month sentence of incarceration.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

/s/ Yasmine Makridis
Yasmine Makridis (OH: 0090632)
Assistant United States Attorney
100 E. Federal Street, City Centre One;
Suite 325
Youngstown, OH 44503
(330) 740-6992
(330) 746-0239 (facsimile)
Yasmine.Makridis@usdoj.gov